IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FREIGHTLINER, LLC, a Delaware limited
liability company,

                Plaintiff,

    v.

SABINA VIERU; CROSS COUNTRY
EXPRESS, LLC, an Oregon corporation;
CTA INVESTMENTS, LLC, an Oregon
Corporation; and SIBIU INVESTMENTS,
a California Corporation,

                Defendants.

CV-06-1595-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Freightliner LLC ("Freightliner"), filed this civil action on November 7, 2006, against Sabina Vieru ("Vieru"), and various corporate, individual, and "Doe" defendants for violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 USC § 1961 *et seq.* ("RICO"), fraud, conversion, civil conspiracy, breach of contract, and related breaches of the

1 - FINDINGS AND RECOMMENDATION

fiduciary duties of good faith and fair dealing. Several named defendants have since been dismissed, leaving only Vieru, Cross Country Express, LLC ("Cross Country"), CTA Investments, LLC ("CTA"), and Sibiu Investments ("Sibiu") as named defendants (dockets ## 43, 136, 140, 144).

On or about June 11, 2009, Vieru entered a Joint Stipulation of Fact and Petition to Enter Plea of Guilty, pleading guilty to two of five counts of wire fraud in violation of 18 USC § 1343. Galloway Decl. (docket #131), Exs. 1, 3. As part of her plea agreement, Vieru admitted that from March 21, 2003, through March 1, 2005, while she was a Freightliner employee, she fraudulently credited the account of J.G. Trading, Inc. ("JG Trading") by transferring credits from other Freightliner accounts, so that JG Trading could order products from Freightliner without paying for them. In exchange, JG Trading made deposits into bank accounts Vieru controlled. On January 22, 2010, Vieru was sentenced to four years in federal prison and ordered to pay restitution to Daimler Trucks North America (Freightliner's parent company) in the amount of $7,075,781.49. *Id*, Ex. 4.

Freightliner has not received any restitution payments and has filed a motion (docket # 130) seeking summary judgment on its fraud, conversion, and breach of fiduciary duty claims against Vieru and damages in the amount of restitution found due in the underlying criminal case, plus accrued interest and costs.[1] Vieru is currently incarcerated in the Federal Correctional Institution at Dublin, California, and, after the withdrawal of her attorneys (dockets ## 121, 137), is *pro se*. The court mailed Vieru a Summary Judgment Advice Order on

---

[1] Freightliner does not seek summary judgment on its other claims against Vieru for a RICO violation, conspiracy, constructive trust and an accounting.

2 - FINDINGS AND RECOMMENDATION

March 29, 2011 (docket # 142), but she filed no written response to Freightliner's motion. For the reasons that follow, Freightliner's motion should be granted.

## LEGAL STANDARD

Summary judgment is appropriate only when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). A fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome of the case. *Id.*

## FINDINGS

Freightliner contends that as part of Vieru's plea, she admitted to all of the material facts underlying the fraud, conversion, and breach of fiduciary duty claims. As a preliminary matter, it is well settled under both state and federal law that a criminal conviction based on a guilty plea can have preclusive effect in a later civil proceeding. *State Farm Fire and Cas. Co. v. Sallak,* 140 Or App 89, 94-95, 914 P2d 697, 700-701, *rev denied*, 324 Or 18, 920 P2d 551 (1996), citing *United States v. Bejar–Matrecios,* 618 F2d 81, 83 (9th Cir 1980). In addition, a federal statute, 18 USC § 3664(l), provides that:

> A conviction of a defendant for an offense involving the act giving rise to
> an order of restitution shall estop the defendant from denying the essential
> allegations of that offense in any subsequent Federal civil proceeding or
> State civil proceeding, to the extent consistent with State law, brought by
> the victim.

At the time of her guilty plea, Vieru acknowledged that restitution would be imposed "in the full amount of any financial loss or harm caused by an offense" and that "the victim can use

the order of restitution to obtain a civil judgment lien." Galloway Decl., Ex. 3, ¶ 18. Thus, by pleading guilty to criminally defrauding Freightliner, Vieru is now estopped from denying her liability for common law fraud, conversion, and breach of fiduciary duty, to the extent that those claims are premised upon the same underlying facts that form the basis of her criminal conviction. Thus, it is necessary to analyze whether, as part of her plea agreement, Vieru indeed admitted to all of the material facts underlying each of those claims.

## I. Fraud (Second Claim)

Under Oregon law, to establish an action for fraud, the plaintiff must prove the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Rice v. McAlister*, 268 Or 125, 128, 519 P2d 1263, 1265 (1974) (*en banc*), citing *Conzelmann v. Nw. Poultry & Dairy Prods. Co.*, 190 Or 332, 350, 225 P2d 757, 764 (1950).

"Actionable fraud may be committed by a concealment of material facts as well as by affirmative and positive misrepresentations." *Musgrave v. Lucas*, 193 Or 401, 410, 238 P2d 780, 785 (1951).

Here, Vieru has admitted as part of her plea agreement all the necessary elements for a common law fraud claim. On at least 65 separate occasions between March 21, 2003, and March 1, 2005, Vieru admitted making intentional misrepresentations by transferring credits from other Freightliner accounts into JG Trading's two accounts to allow JG Trading to place new orders or obtain previously ordered parts that were held back by Freightliner without having

to actually tender payment to Freightliner. Galloway Decl., Ex. 1, ¶¶ 16-18, 34-36. In exchange, on two occasions JG Trading deposited amounts that were exactly half the amount Vieru credited JG Trading's accounts, into a bank account controlled by Vieru. *Id*, ¶¶ 19, 22, 32-33. Vieru admitted that the credits she applied to JG Trading's accounts did not belong to JG Trading and that she applied those credits without the knowledge, authorization, or approval of Freightliner or the Freightliner customer accounts to whom the credits rightfully belonged. *Id*, ¶¶ 17, 35. Vieru further admitted that she knowingly transferred these credits which enabled her to receive money to which she was not entitled, and which was rightfully due to Freightliner, without the company's authorization or consent. *Id*, Ex. 3, ¶ 26. Accordingly, Freightliner should be granted summary judgment on the Second Claim for fraud.

## II. Conversion (Third Claim)

To state a claim for conversion under Oregon law, Freightliner must establish that Vieru intentionally exercised dominion or control over property which so seriously interfered with Freightliner's right to control that Vieru may justly be required to pay Freightliner the full value of the property. *Mustola v. Toddy*, 253 Or 658, 663-64, 456 P2d 1004, 1007 (1969). Property for purposes of conversion can apply to both tangible objects and intangible things, such as the transfer of inventory or funds. *See Naas v. Lucas*, 86 Or App 406, 411, 739 P2d 1051, 1053-54, *opinion adhered to as modified on other grounds*, 88 Or App 141, 744 P2d 586, *rev denied*, 304 Or 680, 748 P2d 142 (1987).

Vieru's admissions as part of her plea agreement establish her liability for conversion. Vieru admitted that she intentionally took possession and control over funds belonging to Freightliner on at least 65 separate occasions when she transferred credits from other Freightliner

accounts into JG Trading's accounts. Galloway Decl., Ex. 1, ¶¶ 16, 35. She did not return these funds to Freightliner, but instead allowed JG Trading to order new products without actually making payment to Freightliner. *Id*, ¶ 18. As a result of these misappropriated funds, Freightliner's ability to control those funds was seriously interfered with because it lost payment to which it was entitled in the amount of $7,075,781.49. *Id*, Ex. 4, p. 5. Thus, Freightliner should be granted summary judgment on the Third Claim for conversion.

### III. Breach of Fiduciary Duty (Eighth Claim)

In Oregon, "an agent is one who has authority to act for another in contractual dealings with third persons." *Taylor v. Werner Enters, Inc.*, 329 Or 461, 468, 988 P2d 384, 388 (1999) (citation omitted). "'[A]n agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected to his agency.'" *Miller v. C.C. Meisel Co.*, 183 Or App 148, 166, 51 P3d 650, 662 (2002), quoting RESTATEMENT (SECOND) OF AGENCY, § 387 (1958). Based on agency principles, an employee may owe a fiduciary duty to his employer for matters that are within the scope of his employment. *Williams v. Pilgrim Turkey Packers, Inc.*, 264 Or 36, 43-44, 503 P2d 710, 713 (1972). Such a duty includes a duty of fair dealing and disclosure. *Id*. "[I]n an action for the breach of the fiduciary duty of loyalty, the principal need only bear the burden of proving that the agent acted on the agent's own behalf in a transaction connected with the agency." *Lindland v. United Bus. Invs., Inc.*, 298 Or 318, 324, 693 P2d 20, 23 (1984).

The actions that form the basis of Vieru's criminal conviction make clear that she engaged in self-dealing and thereby breached her fiduciary duty to Freightliner. As part of her work for Freightliner, Vieru communicated regularly with Freightliner's customers, including JG Trading, and applied credits and payments to customer accounts. Galloway Decl., Ex. 1, ¶ 5.

Between March 2003 and March 2005, Vieru used her position as an employee of Freightliner to misappropriate funds on 65 separate occasions, thereby allowing JG Trading to receive parts without actually paying Freightliner.  *Id*, ¶¶ 16-18, 34-36.  In return, she received payments from JG Trading that were exactly half the amount she credited to JG Trading's Freightliner accounts. *Id*, ¶¶ 32-33.  Her participation in this fraudulent scheme constituted a breach of her fiduciary duty to Freightliner because she acted on her own behalf in transactions connected with Freightliner's business.  Accordingly, Freightliner should be granted summary judgment on the Eighth Claim for breach of fiduciary duty.

## RECOMMENDATION

For the reasons discussed above, Freightliner's Motion for Summary Judgment Against Defendant Vieru (docket # 130) should be GRANTED and, there being no just reason for delay, a final judgment under FRCP 54(b) should be entered against Vieru for $7,075,781.49, the amount of restitution found due in the related criminal case, plus interest and costs.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due June 20, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 1st day of June, 2011.

                                                s/ Janice M. Stewart____
                                                Janice M. Stewart
                                                United States Magistrate Judge